THE STATE OF OHIO EX REL. G. W. HELTER v. JOHN A. ZEEB, AS TREASURER.

1. FAILURE OF AUDITOR TO APPORTION SCHOOL FUNDS—AUTHORITY OF TOWNSHIP BOARD OF EDUCATION.

The failure of the auditor to apportion the state common school fund according to law, does not authorize a township board of education to treat it as a contingent fund, and disburse it according to their discretion.

2. DUTY OF AUDITOR AS TO APPORTIONMENT OF SCHOOL FUNDS.

The auditor must apportion the state common school fund to the several districts, sub-districts, joint subdistricts and fractions of districts according to the enumeration of youth of school age in each as required by section 3964, Revised Statutes, and because there are other funds belonging to subdistricts which he is unable to apportion, affords no excuse for a failure to comply with the plain letter of the statute.

3. WANT OF SUCH LEGAL DISTRIBUTION NO DEFENSE TO ACTION FOR PAY FOR TEACHERS' SERVICES.

Where there has been no such legal distribution, but the township treasurer held $1,255.50 of the state common school fund with other funds, together amounting to $3,339.32, at his September settlement, 1892; the fact that the board of education is indebted over $4,000 for school houses erected, affords no defense to the payment of an order for $50 for services as teacher in a subdistrict for the school year preceding said settlement, the enumeration of youth therein being one-fourth of the enumeration of the township, and the contingent fund set apart to pay teachers for the subdistrict having been exhausted for said year.

MANDAMUS.

JENNER, J.

The relator, G. W. Helter, filed his petition in the circuit court, averring, among other things, that on the 22d day of May, 1893, the clerk of the township of Goshen, in Tuscarawas county, issued to him an order for services rendered as teacher in subdistrict number ten in said township from the first day of April, 1892, to the 29th day of April in the same year, in all twenty days; that the order was issued in pursuance of a peremptory writ of mandamus, allowed by the court of common pleas in a case pending wherein the state of Ohio on relation of G. W. Helter, was plaintiff, and the clerk of said township was defendant; that the said relator, on the 23d day of May, 1893, presented said order to L. P. Myers, who was then the treasurer of said township, for payment, but payment was refused; that said relator again, on the 7th day of May, 1894, presented said order to the defendant for payment, and payment was again refused, notwithstanding that ample funds were in the hands of said treasurer at the date of each presentment, and still is, with which to pay said order, and notwithstanding said court of common pleas had adjudicated and determined in said action the amount of said order, and that ample funds were in the hands of said treasurer with which to pay the same. The plaintiff prays that a writ of mandamus may issue against said John A. Zeeb, the present treasurer of said township, commanding him to pay said order.

On motion of said relator, an alternative writ of mandamus was issued, requiring the defendant to show cause for refusing payment of said order.

The defendant has filed his answer, and the defense is substantially this: That when said order was presented for payment, he had not funds of such township in his hands or under his control applicable to the payment of said order, and he denies that the court determined any question arising in this action.

2d. He avers that at the time said order was presented to the treasurer, the fund applicable to the payment of teachers was overdrawn, and entirely exhausted.

3d.   He avers that the board of education of said township of Goshen apportioned  to  said  district number ten  for continuance of its schools during the year for which relator  contracted to teach  said school, $785.00 of the contingent fund, and the relator and  directors of said district well knew at the time of making  the contract to teach said school, that the funds legally  apportioned and applicable to the use of said district were  not sufficient for  the  continuance of said schools for seven months, at the wages per month agreed upon between said relator, as teacher, and the directors of said subdistrict, and said contract for the month of said district, and was void.

The relator, in  reply, admits that the contingent fund apportioned to the said district number  ten was entirely exhausted, as alleged in said defendant's answer, but he denies that  there were no  funds in the treasury of said township applicable  to the payment of relator's order at any time, and is not now, as the same  is alleged in  said defendant's answer.   He avers that there is now in the hands of the said township treasurer a sufficient and ample amount of the state common school fund applicable to  the payment of said relator's order  to pay the same in full.   The relator denies that he knew or had any  knowledge at the time  of making his said contract to teach said school that the funds applicable to the use of said  district were not sufficient for  the continuance of said school  for the time mentioned in said  contract, at the  wages per month therein specified, or that he had any  such knowledge at any time during said term of service.

The evidence shows  that in April, 1891, Geo. W. Helter entered  into a contract with the  directors of said subdistrict number ten to  teach their school for a period of seven months, at the agreed price of $50.00 per month.   In the building in which he taught there were four schools; he taught one, and was the superintendent, by the terms  of his contract, of the four; there were about fifty  pupils to each school, and a larger enumeration of youth of school age in said subdistrict. In the month of February, 1892, while he was  engaged in the performance of his contract, he  received notice from the board of education of the township that there were not sufficient funds in the treasury to continue the school at the salary he was to receive for the full term of seven months, and not more than sufficient for the term of six months.   That he performed the terms of his contract, taught and  superintended said school for the full term agreed upon; that thereupon an order  was issued to him for six months' service; that the clerk of the township refused to  include in said order the last month, which would have been fifty dollars additional.   Thereafter he  made application to the  court of common pleas for  a writ of mandamus to compel the clerk  to issue an order for the last month's service performed by him.   This matter was heard in the common pleas court, and a peremptory writ of mandamus awarded to the relator.   In pursuance of said mandate, on May 22, 1893, the clerk of said township issued an order to said Helter.   It is claimed on this hearing that the order made by the court of common pleas settles the questions arising in the case at bar, but we decline to  take that view of the case.   The township treasurer, defendant herein, was  not a party to said  proceeding, and while it may fairly be argued that the  court below would  not have granted a peremptory writ of mandamus requiring the  clerk to issue said  order, unless he was satisfied there were funds in the township treasury applicable to the payment of this claim, yet we think that the treasurer, now being brought in for the first time, has the right to made the defense that there are no such funds in the treasury applicable to the payment of this order.   We think that the defense set up in the answer, if sustained by the evidence, would defeat the claim of the relator.

It appears from the evidence that for the school year commencing September 1, 1891, and ending September 1, 1892, the treasurer of Goshen township received from all sources, school funds to the amount of $7,811.69; it further appears that he received state common school funds to the amount of $1,255.50, and from a tract of land known as the Moravian tract, the sum of $90 00; and from the military lands $56.80, so that said total of $7,811.69 received by the treasurer,

less $1,402.30, was the contingent fund provided for the board of education of said township. A settlement was made September 19, 1892, between the treasurer of said township and the auditor, at which time it was found there was $3,389.32 of a balance of school funds in the hands of said township treasurer. It is contended by the relator that this clearly shows there were funds in the hands of the township treasurer subject to the payment of said order. It is contended on the other side that, although there was this balance in the treasury, it was not subject to the payment of this order. The difficulty that arises in determining this question is occasioned by the manner in which the business pertaining to the state common school fund has been managed between the county auditor, the township treasurer, and the board of education. The testimony on behalf of defendant discloses the fact that for many years the auditor has failed to apportion this fund as the law requires; the township treasurer has received the fund in bulk without knowing what proportion of it each subdistrict was entitled to, and the board of education at no time attempted to apportion it between the subdistricts as the law requires. It was not the legal duty of the board of education of the township to make apportionment, and the county auditor says it was impossible for him to do it. The reason he assigns for his neglect is the precedent established by former auditors, and the impossibility, because there was $146.80 arising from the military and the Moravian tracts, which he did not know how to distribute between the subdistricts.

The educational section of the constitution, art. 6, section 1, provides, that the principal of all funds arising from the sale or other disposition of lands or other property granted or entrusted to this state for educational and religious purposes shall forever be preserved inviolate and undiminished; and the income arising therefrom shall be faithfully applied to the specific objects of the original grants or appropriations.

Section 2 provides: "The general assembly shall make such provisions, by taxation or otherwise, as with the income arising from the school trust fund, will secure a thorough and efficient system of common schools throughout the state." Our public schools are the pride, not only of our state, but of our country, and the legislature in attempting to secure an efficient system of common schools throughout the state have sought to secure to every child of school age an equal opportunity for education, whether they be children of the poor or of the rich, whether they reside in a township in which millions are represented on the tax duplicate, or in one without wealth.

As far as the state common school fund can be used, this idea has been kept prominently in view. Let us examine a few sections of the Revised Statutes cited by counsel. Section 3956 provides that the auditor of state shall apportion the state common school fund to the several counties of the state semi-annually, upon the basis of the enumeration of youth therein, as shown by the latest abstract of enumeration transmitted to him by the state commissioner of common schools.

Section 3958 provides, that each board of education shall annually determine, by estimate, as nearly as practicable, "the entire amount of money necessary to be levied as a contingent fund for the continuance of the school or schools of the district, after the state funds are exhausted, to purchase sites for school houses and build additions thereto, and for other school expenses." It will be noted that this is called a contingent fund, as distinguished from the state common school fund.

We now refer to section 3964, for the duty of the county auditor, with reference to the state common school fund. It is provided that he shall apportion the school fund for his county, and the state common school fund he shall apportion in proportion to the enumeration of youths to districts, subdistricts, joint subdistricts and fractions of districts, and joint subdistricts within the county. "The contingent fund collected from the several districts shall be paid to the districts to which they belong, *and all other money in the county treasury for the support of common schools and not otherwise appropriated by law, shall be apportioned annually in the same manner as the state common school fund.*"

We will examine, for a moment, the provisions of section 3970. Among other things, it is provided in said section, that the auditor shall inspect all accounts of interest accruing on account of section 16, or other school lands, whether the same is payable by the state or by the debtors.

Section 3965 provides, that the auditor shall immediately after such apportionment is made, enter the same in a book to be kept for that purpose, and furnish a certified copy of the apportionment to each school treasurer and clerk in his county; and he shall give to each of such treasurers an order on the county treasurer for the amount of money payable to him, and take his receipt therefor.

It is provided in section 3967 that so much of the contingent fund as may be set apart by a township board for the continuance of schools after the state funds are exhausted, shall be so apportioned by the board that the schools in all the subdistricts of the township shall be continued the same length of time each year. The board of education may exercise a discretion in the apportionment they make of this contingent fund, but they have no such discretion as to the state common school fund; each youth of the school age is entitled to an equal proportion of it.

Section 4018 provides that the directors of subdistricts may employ teachers, fix their salaries, which salaries may be increased, but not diminished in amount by the township, and shall not exceed in the aggregate, in any year, for any subdistrict, the amount of money to which the subdistrict is entitled for the purpose of tuition for such year. How is it to be determined, the amount of money to which the subdistrict is entitled for the purpose of tuition for each year? Upon the examination of the various sections here referred to, we are of the opinion that this amount is determined by the share of the state common school fund that each subdistrict is entitled to, together with such amount as the township board of education may add thereto from the contingent fund.

Can it be claimed that the county auditor, and the township treasurer, and the board of education have any discretion as to this state common school fund? It is carefully provided in sections 4044 and 4045 as to the manner in which the accounts between the county auditor, township treasurer and the township clerk shall be entered. In the last named section it is provided that a separate account of each fund shall be kept, and each account shall be balanced at the close of the year, *and the balance in the treasurer's hands belonging to each fund shall be shown.* The auditor is required to furnish to the clerk and treasurer of each school district a suitable blank book in which to keep account of their separate funds.

As we have before stated, the county auditor, the township clerk and the township treasurer have disregarded the requirements of this statute, so that they are unable to state the amount of the state common school fund that any subdistrict was entitled to; their accounts fail to show what amount has been paid out from any particular fund; the settlement of 1892 only shows the gross amount received from all sources, and the gross amount paid out, leaving a balance of all funds in the hands of the township treasurer on the 19th of September, 1892, of $3,389.32. It is stated by the president of the board of education of the township, that they were indebted in the sum of about four thousand dollars for school houses erected in various subdistricts, but they are not entitled to use any of the state common school fund toward the erection of school houses. The treasurer of Goshen township received for said year $1,255.50 of the state common school fund; it does not appear by the books nor by the testimony, that subdistrict number ten received its proportion of said fund, and we must assume from the settlement made, and the evidence offered, that said subdistrict received only its proportion of the contingent fund that the board of education deemed proper for that year, and that its share of this common school fund still remains in the treasury, subject to be applied to the payment of the order of the relator, and a peremptory writ of mandamus will be awarded him.

*J. A. Buchanon*, for Relator.

*J. F. Wilkins*, for Respondent.